# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| ASHLEE WILSON,<br><br>PLAINTIFF,<br><br>vs.<br><br>TRANSWORLD SYSTEMS, INC.,<br><br>DEFENDANTS. | Case No.:<br><br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, ASHLEE WILSON, BY AND THROUGH COUNSEL, MICHAEL B. HALLA, and for her Complaint against the Defendant, pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

## VENUE

2. The transactions and occurrences which give rise to this action occurred in the City of Houston, Harris County, Texas.

3. Venue is proper in the Southern District of Texas, Houston Division.

## PARTIES

4. Plaintiff is a natural person residing in the City of Houston, Harris County, Texas.

5. The Defendant to this lawsuit is Transworld Systems, Inc., which is a foreign corporation that conducts business in the State of Texas.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed to Reliant Energy Retail Service in the amount of $855.00 (the "collection item").

7. Defendant is reporting the collection item as disputed on Plaintiff's Trans Union and Equifax credit disclosures.

8. Plaintiff no longer disputes the collection item.

9. On August 27, 2021, Plaintiff obtained her Trans Union and Equifax credit disclosures and noticed Defendant reporting the collection item with the dispute comment.

10. On or about September 3, 2021, Credit Repair Lawyers of America on behalf of Plaintiff, sent Defendant a letter informing Defendant that the collection item is inaccurate and asked Defendant to remove the dispute comment from the collection item.

11. Defendant received the Plaintiff's letter on September 10, 2021.

12. On October 18, 2021, Plaintiff obtained her Trans Union credit disclosure. October 18, 2021, Plaintiff obtained her Equifax credit disclosure. The credit disclosures showed Defendant last reported the collection item reflected by the Trans Union and Equifax credit disclosures on September 28, 2021 and failed or refused to remove the inaccurate dispute comment from the collection item, in violation of the FDCPA.

13. With a disputed item appearing on her credit reports, Plaintiff's FICO score is reporting inaccurately such that she is not eligible for conventional mortgage financing or refinancing. Mortgage rates are now at historic lows and Plaintiff cannot participate in this market, due to Defendant's failure to remove this dispute notation.

14. In the credit reporting industry, data furnishers, such as the Defendant, communicate electronically with the credit bureaus.

15. Defendant had more than ample time to instruct Trans Union and Equifax to remove the dispute comment from the collection item.

16. Defendant's inaction to remove the dispute comment from the collection item was either negligent or willful.

17. Plaintiff suffered pecuniary and emotional damages as a result of Defendant's actions. Her credit report continues to be damaged due to the Defendant's failure to properly report the collection item.

## **VIOLATION OF**

## **THE FAIR DEBT COLLECTION PRACTICES ACT**

18. Plaintiff reincorporates the preceding allegations by reference.

19. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debt on behalf of other individuals or entities.

20. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

21. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

22. Defendant's foregoing acts in attempting to collect this collection item violated 15 U.S.C. §1692e:

   a. 15 U.S.C. §1692e(2)(A) by falsely representing the character, amount, or legal status of any debt by continuing to report the collection item with a dispute notation after being informed of the inaccuracy; and

   b. 15 U.S.C. §1692e(8) reporting credit information which is known to be false, including failure to communicate that the debt is not disputed by failing to remove the inaccurate dispute notation from the collection item after being asked to do so by Plaintiff.

23. Plaintiff has suffered harm and damages at the hands of the Defendant as this harm was one that was specifically identified and intended to be protected against on behalf of a consumer, such as the Plaintiff, by Congress.

22. Defendant's failure to remove the erroneous dispute notation from its collection item on Plaintiff's consumer credit files is annoying, humiliating, and embarrassing to the Plaintiff as it creates a false impression regarding her creditworthiness.

23. To date, and as a direct and proximate cause of the Defendant's failure to honor its statutory obligations under the FDCPA, the Plaintiff has continued to suffer from anxiety, embarrassment, humiliation, and stress from Defendant's violations of the FDCPA.

24. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

WHEREFORE, PLAINTIFF PRAYS that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

   a. Actual damages;

   b. Statutory damages;

   c. Punitive damages;

   d. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  November 23, 2021

Respectfully submitted,

By: */s/ Michael B. Halla*
    Michael B. Halla, Esq.
    Attorney at Law
    Texas State Bar No. 00793128
    187 Rolling Court,
    Lancaster, Texas 75146
    Telephone: (469) 518.0872
    Facsimile:  (214) 540.9333
    email: mhalla@hallalawfirm.com
    *Counsel for Plaintiff,*
    *Ashlee Wilson*